# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHAWN MICHAEL BARBRE, | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV 18-259-RAW-KEW |
| RICK WHITTEN, Warden, | ) |
| Respondent. | ) |

## OPINION AND ORDER

This action is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus as barred by the statute of limitations (Dkt. 6). Petitioner is a pro se prisoner in the custody of the Oklahoma Department of Corrections who is incarcerated at James Crabtree Correctional Center in Helena, Oklahoma. He is attacking his conviction in Muskogee County District Court Case No. CF-2015-644 for Assault and Battery with a Deadly Weapon, raising one ground for relief:

> Trial Court did not have jurisdiction in that Petitioner and the victim are Indians within the meaning of federal law and the crime occurred in Indian County [sic] as defined by 18 U.S.C. § 1151.

(Dkt. 1 at 5).

Respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d) (AEDPA):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed,

> if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The record shows that on January 7, 2016, Petitioner entered a guilty plea in Muskogee County District Court Case No. CF-2015-644, and his Judgment and Sentence was entered on January 15, 2016. (Dkt. 7-1 at 4-5). Because he did not seek to timely withdraw his plea or seek a direct appeal to the Oklahoma Court of Criminal Appeals (OCCA), the conviction became final on January 25, 2016, ten days after entry of the Judgment and Sentence. *See* Rule 4.2, *Rules of the Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch.18, App.; Okla. Stat. tit. 22, § 1051. Pursuant to 28 U.S.C. § 2244(d)(1), Petitioner's statutory year began to run on January 26, 2016, and it expired on January 26, 2017. *See Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011) (stating the year begins to run the day after the judgment and sentence becomes final). Petitioner's habeas petition was filed on August 7, 2018.

Pursuant to 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled while a properly-filed application for post-conviction relief or other collateral review of the judgment at issue is pending. Petitioner filed an application for post-conviction relief on February 28, 2018. (Dkt. 7-1 at 6). The application was denied by the state district court, and the OCCA affirmed the denial on July 13, 2018. *Barbre v. State*, No. PC-2018-518 (Okla. Crim. App.

2

July 13, 2018) (unpublished) (Dkt. 7-3). Because Petitioner did not initiate his post-conviction proceedings until the limitation period had expired, there is no statutory tolling. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (citing 28 U.S.C. § 2244(d)(2)).

Petitioner argues in his response to the motion to dismiss that he is entitled to equitable tolling of the one-year limitation period. (Dkt. 8 at 8-10). He also asserts that denial of his petition would be tantamount to suspension of the writ. *Id*. at 10.

Petitioner carries the burden of establishing equitable tolling. *Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008). Generally, equitable tolling requires a litigant to establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation omitted). Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003).

Petitioner alleges he is a member of the Tunica-Biloxi Tribe, and the crime occurred within the Cherokee Nation. He claims he first learned that the State of Oklahoma did not have jurisdiction over his prosecution when the Tenth Circuit Court of Appeals published *Murphy v. Royal*, 875 F.3d 896 (10th Cir. 2017), *cert. granted*, 138 S.Ct. 2026 (2018). He further claims that upon notice of this case, he immediately sought post-conviction relief in the state court. *Murphy*, however, is not a Supreme Court decision. Petitioner also cites to *United States v. Sands*, 968 F.2d 1058 (1992), which also is not a Supreme Court decision. Therefore, neither *Murphy* nor *Sands* cannot support an alternate commencement date for his habeas year under § 2244(d)(1)(C). *See Pettit v. Bryant*, No. 18-CV-0387-CVE-JFJ, 2018 WL 4224448, at *4, (N.D. Okla. Sept. 5, 2018) (unpublished) (rejecting petitioner's claim that application of *Murphy* allowed the habeas year to start pursuant to § 2244(d)(1)(C) rather

3

than § 2244(d)(1)(A)).

To the extent Petitioner may be asserting his habeas year commenced, pursuant to § 2244(d)(1)(D), when he was able to discover the factual predicate of his claim with the publication of the *Murphy*, his argument fails. Petitioner clearly was aware of his status as a Native American and that his crime allegedly occurred on Indian land at the time he entered his plea. Nothing in the *Murphy* case added anything to the factual basis of Petitioner's claim. At best, *Murphy* explained the potential legal significance of those facts. Therefore, § 2244(d)(1)(D) does not apply. *Cf. Preston v. Gibson*, 234 F. 3d 1118, 1120 (10th Cir. 2000) (Petitioner was aware of the factual basis of his claim years before filing his petition, thus nothing in the new cases he relied upon "alerted [him] to any factual basis for his claim" such that § 2244(d)(1)(D) applied); *Dopp v. Martin*, No. 18-CV-0152-CVE-FHM, 2018 WL 2750228 at *2 (N.D. Okla. June 7, 2018) (unpublished) (In the context of a second or successive habeas petition, § 2244(d)(1)(D) was not applicable based upon *Murphy,* because the petitioner knew his house was located within the Seneca-Cayuga tribal lands and his claims stemmed from the results of a search warrant executed at that house. His lack of understanding of the legal significance of the cited authority to his facts did not negate his awareness of the factual predicate of his claims).

Petitioner also alleges his claim involves a fundamental miscarriage of justice. "To invoke the miscarriage of justice exception to AEDPA's statute of limitations . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *McQuiggin v. Perkins,* 569 U.S. 383, 399 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). *See also Black v. Workman*, 682 F.3d 880, 915 (10th Cir. 2012) ("This exception applies to those who are actually innocent of the crime of conviction . . . ."). Here, the Court finds there is no evidence in the record to suggest

4

Petitioner is actually innocent of the charge of which he stands convicted, or that other uncontrollable circumstances impeded him from timely filing his federal claim. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

As for Petitioner's argument that the imposition of a limitation period is a suspension of the writ, the AEDPA, including its limitation period, is constitutional. *Cf. Felker v. Turpin*, 518 U.S. 651, 664 (1996); *Miller v. Marr*, 141 F.3d 976, 977-78 (10th Cir. 1998). "In particular, the limitations period (which is not jurisdictional but is subject to equitable tolling) does not prohibit habeas petitions but simply requires that they be filed within a reasonable time. The one-year limitations period has the rational purpose of encouraging the timely and efficient disposition of habeas claims." *Ellis v. Martin*, No. 98-6450, 1999 WL 1101241, at *3 (10th Cir. 1999) (unpublished). *See also Vue v. Allbaugh*, 682 F. App'x 636, 638 (10th Cir. 2017) (rejecting petitioner's argument that dismissing a habeas petition as time-barred by the AEDPA's statute of limitations constituted a suspension of the writ of habeas corpus); *Long v. Miller*, 541 F. App'x 800, 802 (10th Cir. 2013) ("[T]he claim that AEDPA's limitations period violates the Suspension Clause has been squarely rejected by this court.").

After careful review, the Court finds Petitioner's habeas corpus petition is barred by the AEDPA's statute of limitations. The Court further finds Petitioner has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also* 28 U.S.C. § 2253(c). Therefore, Petitioner is denied a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

**ACCORDINGLY,** Respondent's motion to dismiss time-barred petition (Dkt. 6) is GRANTED, and Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 22nd day of August 2019.

Ronald A. White
United States District Judge
Eastern District of Oklahoma